IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | |
| | § | No. 3:19-cr-12-S (5) |
| ELVERETTE LASHON LEE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated August 30, 2019, United States District Judge Karen Gren Scholer has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Elverette Lashon Lee should not be detained under 18 U.S.C. § 3143(a)(2), and whether it has been shown by clear and convincing evidence that Defendant Elverette Lashon Lee is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 149.

**Background**

Defendant is set for sentencing before Judge Scholer on December 5, 2019. *See* Dkt. No. 147. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

-1-

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On January 24, 2019, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 50.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion to Continue Defendant on Conditions of Release Pending Sentencing, in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 157.

The Court held a hearing on October 1, 2019 on the matters referred by Judge Scholer, at which Defendant appeared in person and through counsel and the government's counsel appeared.

**Legal Standards and Analysis**

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. §§ 841 and 846. *See* Dkt. Nos. 129 & 149. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. §

3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18

U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 215], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in his motion:

> 5. While on pretrial release Mr. Lee has complied with all terms and conditions thereof.
> 6. Mr. Lee very early in this case indicated his intent to plead guilty and take responsibility for his conduct in the charged conspiracy.
> 7. Mr. Lee has a 5 year old daughter and a 3 year old son. Mr. Lee is very active in his children's lives and provides financial support for them. During his pretrial release Mr. Lee has obtained employment with the City of Dallas Sanitation Department and works as a trash collector.
> 8. Mr. Lee lives with his mother, who has indicated a willingness to supervise any additional conditions of release this Court may order. Additionally, Mr. Lee, with the aid of his mother if necessary, is financially able to provide for any electronic monitoring this Court may order. Though Mr. Lee's mother is employed, she has had two (2) previous strokes and he assists in taking care of her and their home.
> 9. Mr. Lee regularly speaks to children at his local recreation center on

> Saturdays about the dangers of what he considers the street life.
> 10. Prior to Mr. Lee entering his guilty plea undersigned counsel advised him of the consequences of his plea and reviewed with him the relevant sentencing guidelines. At the time of the filing of this motion United States Probation has not filed submitted a Presentence Report. Having reviewed the discovery, the Indictment, and the Factual Resume undersigned counsel concluded the Mr. Lee is facing a substantial prison sentence and advised him of same prior to his entering a guilty plea. With the knowledge of the probable prison sentence Mr. Lee has complied with all conditions of release and stands before this Court accepting of his punishment without any consideration of fleeing.
> 11. Taking all factors into consideration, the Court should find that Mr. Lee is not likely to flee or pose a danger to any other person or the community.

Dkt. No. 157 at 2-3.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendant explains that, "[b]ased upon the foregoing this Court should also conclude that it would be unreasonable to incarcerate Mr. Lee as that term is contemplated in the context of 18 U.S.C. §3145(c)," where

> Mr. Lee does not pose a danger to any person or to the community. Mr. Lee's conduct while on pretrial release has been exemplary and demonstrates by clear and convincing evidence that he is neither a flight risk nor danger to the community, while at the same time present to the Court unique and exceptional circumstances that warrant a finding that it would be unreasonable to incarcerate him pending sentencing.

Dkt. No. 157 at 3-4.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue

for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2

(E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

Under Section 3145(c), a defendant who is compliant with his release conditions and doing everything that he should is – however commendable – not so out of the ordinary and, in that sense, "exceptional" among defendants who are on release at the time that they are found guilty as to justify an exception to Section 3142(a)(2)'s rule of mandatory detention.

Many of the facts that Defendant urges as exceptional circumstances, including his compliance with his conditions of pretrial release, are certainly commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – his compliance with his conditions is not, in and of itself, a unique combination of circumstances giving rise to a situation that is out of the ordinary. *See generally United States v. Bernard*, No. 1:12-cr-00022-JAW-02, 2013 WL 145582, at *2 (D. Me. Jan. 14, 2013) ("One way of thinking about compliance with the terms of pretrial release and a lack of significant criminal history is that they make out a necessary but not sufficient showing for release under § 3145(c).").

But Defendant also presented evidence that his mother needs his assistance

with her medical needs. With this additional information, the Court finds that the totality of the facts that Defendant urges as exceptional circumstances are, taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary and in which Defendant's presentencing detention would not be appropriate.

**Conclusion**

The Court finds that Defendant Elverette Lashon Lee has presented so unique a combination of circumstances that is so clearly out of the ordinary, uncommon, or rare as to justify ordering release pending sentencing under Section 3145(c) and that Defendant Elverette Lashon Lee met his burden to clearly show exceptional circumstances why he should not be detained pending sentencing – that is, exceptional reasons why his detention would not be appropriate – and to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if he remains on release under 18 U.S.C. § 3142(c).

The Court GRANTS the Motion to Continue Defendant on Conditions of Release Pending Sentencing [Dkt. No. 157] and ORDERS that Defendant Elverette Lashon Lee will remain on release, subject to the Court's Order Setting Conditions of Release [Dkt. No. 50], pending his sentencing before Judge Scholer.

SO ORDERED.

DATED: October 1, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE